Eugene Ashley, Esq. (SBN 171885)
Jennifer E. Pawlowski, Esq. (SBN 250606)
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 S First Street
San Jose, CA  95113-2406

**mailing address:**
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:     (408) 286-9800
Facsimile:      (408) 998-4790

Attorneys for Plaintiff PAYMENT PROCESSING
INC. a/k/a PAYPROS, a California corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAYMENT PROCESSING, INC., a/k/a PAYPROS, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>ISAAC Y. JENKINS, individually and d.b.a. IKE'S AND DEE'S WORLD OF ENTERPRISES d.b.a. PAYMENT PROCESSING SOLUTIONS a/k/a PAYPROSOL; DENISE E. LOVEC-JENKINS a/k/a DENISE ELKINS, individually and d.b.a. IKE'S AND DEE'S WORLD OF ENTERPRISES d.b.a. PAYMENT PROCESSING SOLUTIONS a/k/a PAYPROSOL and DOES 1 – 20, inclusive,<br><br>Defendants. | CASE NO. 12-CV-03846<br><br>**AMENDED COMPLAINT FOR:**<br>**(1) TRADEMARK INFRINGEMENT;**<br>**(2) UNFAIR COMPETITION;**<br>**(3) UNFAIR BUSINESS PRACTICES;**<br>**(4) DILUTION; and**<br>**(5) INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Payment Processing, Inc. a/k/a PayPros ("Plaintiff" or "PayPros") hereby complains and alleges as follows against defendant Issac Y. Jenkins, individually and d.b.a. Ike's and Dee's World of Enterprises d.b.a. Payment Processing Solutions a/k/a PayProSol, defendant Denise E. Lovec-Jenkins a/k/a Denise Elkins, individually and d.b.a. Ike's and Dee's World of Enterprises d.b.a. Payment Processing Solutions a/k/a PayProSol and defendant Does 1-20 (hereinafter, together "Defendants"):

## JURISDICTION

1. This is an action for damages and injunctive relief arising out of Defendants' infringement of Plaintiff's registered and incontestable trademarks. The jurisdiction of this Court is predicated, pursuant to 28 U.S.C. §1331, on the fact that Plaintiff presents a civil action arising under the Federal Trademark act (the "Lanham Act"). 15 U.S.C. §1051 *et seq*. The remainder of the claims are subject to the jurisdiction of this Court, pursuant to 28 U.S.C. §§1338(b) and 1367(a), because the claims are joined with one or more substantial and related claims under the Lanham Act.

2. This Court has personal jurisdiction over Defendants because they reside and conduct business in the State of California.

## VENUE

3. Venue is proper in the Northern District of California pursuant to 28 U.S.C. §1391(b) because consumers are likely to be confused as to the origin or sponsorship of goods and services promoted and advertised for sale by the accused in this district. Additionally, Defendants have conducted business within the State of California and within this judicial district, as they offer for sale and advertise their products and services in the State of California and within this judicial district.

## INTRADISTRICT ASSIGNMENT

4. This is an Intellectual Property Action to be assigned on a district-wide basis pursuant to Civil Local Rule 3-2(c).

## PARTIES

5. Plaintiff PayPros is a corporation organized under the laws of the State of California with its principal place of business located at 8200 Central Avenue, Newark, California 94560. PayPros has been providing services relating to electronic processing of credit card transactions and electronic payments via a global computer network since 1995. PayPros currently markets a wide range of products and services, including software, hardware and support services relating to merchant banking, security and transaction processing solutions. Since its inception, PayPros has expended significant resources to market and promote its

Hopkins & Carley
Attorneys At Law
San Jose

646\931054.1

- 2 -

AMENDED COMPLAINT FOR (1) TRADEMARK INFRINGEMENT; (2) UNFAIR COMPETITION; (3) UNFAIR BUSINESS PRACTICES; (4) DILUTION; AND (5) INJUNCTIVE RELIEF

integrated payment processing products and services in the U.S. and international markets. As a result of Plaintiff's extensive promotion, marketing and advertising efforts to customers of its quality and reliable electronic payment processing solutions, Plaintiff is considered an industry leader for feature-rich, reliable and secure electronic payment solutions for businesses.

6. Plaintiff is informed and believes, and thereon alleges, that defendant Isaac Y. Jenkins ("I. Jenkins") is an individual residing in San Diego, California. Plaintiff is further informed and believes that I. Jenkins has been engaged in providing payment processing services since 2006 and is the co-founder of Ike's and Dee's World of Enterprises and the co-founder of Payment Processing Solutions a/k/a PayProSol. Plaintiff is further informed and believes that I. Jenkins holds himself out to be a service provider for bankcard services, including, but not limited to credit card processing, mobile credit card processing, debit card processing and e-commerce, doing business as Ike's and Dee's World of Enterprises and as Payment Processing Solutions a/k/a PayProSol.

7. Plaintiff is informed and believes and thereon alleges, that defendant Denise E. Lovec-Jenkins a/k/a Denise Elkins ("D. Jenkins") is an individual residing in San Diego, California. Plaintiff is further informed and believes that D. Jenkins has been engaged in providing payment processing services since 2006 and is the co-founder of Ike's and Dee's World of Enterprises and the co-founder of Payment Processing Solutions a/k/a PayProSol. Plaintiff is further informed and believes that D. Jenkins holds herself out to be a service provider for bankcard services, including, but not limited to credit card processing, mobile credit card processing, debit card processing and e-commerce, doing business as Ike's and Dee's World of Enterprises and as Payment Processing Solutions a/k/a PayProSol.

8. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1 through 20, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of said Doe Defendants when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of these fictitiously named defendants is responsible in some manner for the acts and conduct alleged herein and that such defendants proximately caused Plaintiff harm as alleged herein.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

646\931054.1 - 3 -
AMENDED COMPLAINT FOR (1) TRADEMARK INFRINGEMENT; (2) UNFAIR COMPETITION; (3) UNFAIR BUSINESS PRACTICES; (4) DILUTION; AND (5) INJUNCTIVE RELIEF

9. Plaintiff is informed and believes, and thereon alleges, that each of the defendants is and at all times mentioned herein was, the agent, employee or representative of each of the other defendants, that each defendant's actions as alleged herein were within the scope and authority of such agency, employment or representation, and that each defendant acted with the knowledge, permission, authority, consent and/or ratification of each other defendant. As a result, each defendant is jointly and severally responsible and liable for the acts of each other defendant as alleged herein.

## GENERAL ALLEGATIONS

10. At all material times herein, Plaintiff has been and is engaged in the business of providing integrated online credit card processing and electronic payment services, including the sale and licensing of hardware, software and related technical and business support services necessary to effectively maintain integrated electronic payment processing systems, under the trade name and mark PAYPROS (the "Mark").

11. Plaintiff and its predecessors have used the Mark continuously in connection with its business since 1996. Plaintiff registered the Mark with the United States Patent and Trademark Office (the "PTO") on June 15, 2010, under Registration Number 3,803,814. Plaintiff owns the registration, which is and continues to be in full force and effect. A true and correct copy of the Plaintiff's certificate of registration for the Mark is attached hereto as **Exhibit A**. Plaintiff has not given any of the Defendants permission to use the PAYPROS Mark.

12. Plaintiff's products and services have been and continue to be extensively advertised and sold throughout the United States, including in California, under the Mark. During the 16 years Plaintiff has offered and sold its products and services under the Mark, the reputation and goodwill associated with the Mark has continuously grown throughout the electronic payments technology industry and among users of electronic payment services. Plaintiff has partnered with over 1,700 businesses and provides its integrated payment processing services to over 54,000 customers, both in the U.S. and abroad. By virtue of Plaintiff's extensive marketing, promotion and sales, Plaintiff has built substantial goodwill in the Mark such that the public and industry have come to associate the Mark with Plaintiff's quality payment processing products

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

646\931054.1
- 4 -
AMENDED COMPLAINT FOR (1) TRADEMARK INFRINGEMENT; (2) UNFAIR COMPETITION; (3) UNFAIR BUSINESS PRACTICES; (4) DILUTION; AND (5) INJUNCTIVE RELIEF

and professional services, and to distinguish Plaintiff's products and services from similar products and services offered and sold by others.

13. Plaintiff is informed and believes, and thereon alleges, that I. Jenkins and D. Jenkins have been using PAYPROSOL, which is nearly identical to Plaintiff's PAYPROS Mark, as a trade name and mark to identify their products and services in connection with the marketing and sales in interstate commerce of their payment processing products and services, including credit card processing, debit card processing and e-commerce.

14. Plaintiff is informed and believes, and thereon alleges further, that Plaintiff and Defendants engage in similar services and goods, namely, providing products and services related to electronic payment systems and support for businesses.

15. Plaintiff is informed and believes, and thereon alleges further, that Plaintiff and Defendants have common markets, common customers, and common channels of sale for their respective goods and services.

16. Plaintiff is further informed and believes, and thereon alleges, that Defendants' marketing and sales efforts using the trade names and marks "Payment Processing Solutions" and "PAYPROSOL" have caused or are likely to cause confusion in the marketplace as to the source of services, or the existence of a licensing or sponsorship arrangement between Plaintiff and the Defendants.

17. Plaintiff is informed and believes that Defendants have been and continue to market products and services that are substantially similar to Plaintiff's goods and services sold under Plaintiff's Mark across the country. This is evidenced by, among other things, Defendants' interactive websites found at www.payprosol.com, www.meetup.com/PayProSol, www.ike-n-dee-world.com and www.facebook.com/Ikes.n.Dees#!/Ikes.n.Dees (the "Websites").

18. Plaintiff is informed and believes, and thereon alleges further, that there are customers and prospective customers who are or have been confused and misled by Defendants' use of the PAYPROSOL mark, and/or who are likely to be confused, misled or deceived by Defendants' continued use of the PAYPROSOL mark, as to the source, sponsorship, and quality of the Defendants' goods and services.

19. Plaintiff is informed and believes, and thereon alleges, that at all times relevant hereto, Defendants had actual knowledge of Plaintiff's ownership and use of Plaintiff's PAYPROS Mark in commerce, and the goods and services sold by Plaintiff under the Mark. Despite such knowledge, Defendants have failed and refused, and continue to fail and refuse, to cease use of the PAYPROSOL mark. Defendants' actions therefore constitute a deliberate, intentional attempt to trade on Plaintiff's reputation and goodwill.

20. Plaintiff has been injured by Defendants' infringement of the PAYPROS Mark in that the distinctiveness of the trademark has been diluted and tarnished by the false association with Defendants' goods and services.

### FIRST CAUSE OF ACTION
### TRADEMARK INFRINGEMENT
**(Lanham Act and Common Law)**

21. Plaintiff incorporates and realleges the allegations set forth in paragraphs 1 through 20 of this complaint as though fully set forth herein.

22. Plaintiff's Mark, PAYPROS, was first adopted by Plaintiff to identify its goods and services in 1996, and has been registered with the PTO since June 15, 2010.

23. Plaintiff currently offers, and has a long and established history of offering, a wide range of payment processing products and services under the PAYPROS Mark. Through favorable acceptance and recognition, the Mark has come to be associated in the public, press, electronic payments technology industry and users of electronic payment services with Plaintiff, has become an asset of substantial value to Plaintiff, and a symbol of its quality services, products and goodwill.

24. Plaintiff has spent significant time and money in establishing the PAYPROS Mark in the minds of customers, prospective customers and the electronic payments technology industry as identifying Plaintiff as the source of high quality products and services.

25. Notwithstanding Plaintiff's prior common law and statutory rights in its Mark, Defendants, with knowledge of Plaintiff's ownership of the Mark, have adopted and used the trade name and mark PAYPROSOL without Plaintiff's consent in connection with the sale,

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

646\931054.1

- 6 -

AMENDED COMPLAINT FOR (1) TRADEMARK INFRINGEMENT; (2) UNFAIR COMPETITION; (3) UNFAIR BUSINESS PRACTICES; (4) DILUTION; AND (5) INJUNCTIVE RELIEF

offering for sale, distribution and advertising of electronic payment processing goods and services. Defendants' goods and services have been promoted, advertised and distributed through various means including, without limitation, sales and solicitations through Defendants' Websites, including within this judicial district.

26. Defendants' infringing use of the PAYPROSOL mark has and will continue to cause confusion in the minds of the public, press and entertainment and payments technology industry, leading customers and/or prospective customers to falsely believe that Plaintiff has approved, sponsored, or otherwise associated itself with Defendants, in violation of 15 U.S.C §1114 and the common law.

27. As a direct and proximate result of Defendants' acts and conduct, Plaintiff is informed and believes, and thereon alleges, that customers and prospective customers have been confused, misled, deceived and mistaken as to the source or sponsorship of Defendants' unauthorized products and services, and have been deterred from purchasing Plaintiff's products and services, in disruption of Plaintiff's business activities. Plaintiff has therefore been damaged and is likely to suffer further damage in an amount to be proven at trial, but in excess of the minimum jurisdiction of this Court. In particular, Plaintiff is entitled to, without limitation, damages for its loss of sales and goodwill, as well as recovery of any and all profit derived by Defendants through their wrongful acts.

28. As Defendants' acts are likely to continue, the award of money damages alone will not adequately compensate Plaintiff. By their use of the PAYPROSOL mark, Defendants have caused, and will continue to cause irreparable harm, damages and injury to Plaintiff. Plaintiff's injuries will continue unless restrained by order of this Court. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION
## UNFAIR COMPETITION
### (15 U.S.C. §1125)

29. Plaintiff incorporates and realleges the allegations set forth in paragraphs 1 through 28 of this complaint as though fully set forth herein.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

646\931054.1 - 7 -
AMENDED COMPLAINT FOR (1) TRADEMARK INFRINGEMENT; (2) UNFAIR COMPETITION; (3) UNFAIR BUSINESS PRACTICES; (4) DILUTION; AND (5) INJUNCTIVE RELIEF

30. Defendants' conduct described and alleged in this complaint constitutes unfair competition and fraudulent business practices in violation of 15 U.S.C. § 1125. Defendants are deliberately, intentionally and unlawfully exploiting Plaintiff's Mark and consumer goodwill for the benefit of Defendants' own products and services Defendants' use of the PAYPROSOL mark constitutes the use of a word, term, name, or any combination thereof, that is likely to cause confusion, mistake, or deception as to the affiliation, connection, origin, sponsorship, approval and/or association of Defendants and their products and services with Plaintiff, within the meaning of 15 U.S.C. § 1125(a)(1).

31. In addition, Defendants' use of the PAYPROSOL mark constitutes a commercial use that causes actual and/or likely dilution of the distinctive quality of Plaintiff's trademark by lessening the capacity of the Mark to identify Plaintiff and distinguish its goods and services from the goods and services of others. Defendants knowingly traded on Plaintiff's reputation after Plaintiff's Mark had become well known.

32. As a direct and proximate result of Defendants' acts and conduct, Plaintiff is informed and believes, and thereon alleges, that customers and prospective customers have been confused and misled, deceived and mistaken as to the source or sponsorship of Defendants' unauthorized products and services, and have been deterred from purchasing Plaintiff's products and services, in disruption of Plaintiff's business activities. Plaintiff has therefore been damaged and is likely to suffer further damage in an amount to be proven at trial, but in excess of the minimum jurisdiction of this Court. In particular, Plaintiff is entitled to, without limitation, damages for its loss of sales and goodwill, as well as recovery of any and all profit derived by Defendants through their wrongful acts.

33. As Defendants' acts are likely to continue, the award of money damages alone will not adequately compensate Plaintiff. By their use of the PAYPROSOL mark, Defendants have caused, and will continue to cause irreparable harm, damages and injury to Plaintiff. Plaintiff's injuries will continue unless restrained by order of this Court. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief.

WHEREFORE, Plaintiff prays for judgment as set forth below.

646\931054.1 - 8 -
AMENDED COMPLAINT FOR (1) TRADEMARK INFRINGEMENT; (2) UNFAIR COMPETITION; (3) UNFAIR BUSINESS PRACTICES; (4) DILUTION; AND (5) INJUNCTIVE RELIEF

**THIRD CAUSE OF ACTION**
**UNFAIR BUSINESS PRACTICES**
(California Civil Code §17200 *et seq.*)

34. Plaintiff incorporates and realleges the allegations set forth in paragraphs 1 through 33 of this complaint as though fully set forth herein.

35. Plaintiff is informed and believes, and thereon alleges, that Defendants conduct business within California, including, without limitation, the advertising and distribution of its products and services over the Websites.

36. Defendants' conduct described and alleged in this complaint constitutes unfair, unlawful, and fraudulent business practices in violation of California Business & Professions Code §§ 17200 *et seq.*

37. Defendants have made and disseminated false advertising on the Websites with the intent directly or indirectly to induce the public to enlist the payment processing services and products offered by Defendants as described in this complaint.

38. Defendants knew or reasonably should have known that use of the PAYPROSOL mark on the Websites would deceive and/or confuse customers into believing that Defendants' products and services are produced, endorsed, affiliated and/or associated with Plaintiff.

39. Plaintiff is informed and believes, and thereon alleges, that Defendants use of the PAYPROSOL mark on the Websites was an intentional and deliberate attempt to trade on the Plaintiff's goodwill by unlawfully copying Plaintiff's Mark.

40. As a direct and proximate result of Defendants' acts and conduct, Plaintiff is informed and believes, and thereon alleges, that customers and prospective customers have been confused and misled, deceived and mistaken as to the source or sponsorship of Defendants' unauthorized products and services, and have been deterred from purchasing Plaintiff's products and services, in disruption of Plaintiff's business activities. Plaintiff has therefore been damaged and is likely to suffer further damage in an amount to be proven at trial, and is entitled to the remedies available under Business and Professions Code § 17200 *et seq.*, including but not limited to injunctive relief and restoration of money or property rightfully belonging to Plaintiff but which was acquired by means of Defendants' wrongful acts.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

646\931054.1

- 9 -

AMENDED COMPLAINT FOR (1) TRADEMARK INFRINGEMENT; (2) UNFAIR COMPETITION; (3) UNFAIR BUSINESS PRACTICES; (4) DILUTION; AND (5) INJUNCTIVE RELIEF

WHEREFORE, Plaintiff prays for judgment as set forth below.

## FOURTH CAUSE OF ACTION
## DILUTION
### (Business & Professions Code § 14247 *et seq.*)

41. Plaintiff incorporates and realleges the allegations set forth in paragraphs 1 through 40 of this complaint as though fully set forth herein.

42. Plaintiff's PAYPROS Mark is, and prior to Defendants use of the PAYPROSOL mark continuously has been, widely recognized by the general consuming public of California as a designation of the source of Plaintiff's goods and services. Association arising from the similarity between Defendants' PAYPROSOL mark and Plaintiff's Mark is likely to dilute and impair the distinctiveness of Plaintiff's Mark. Plaintiff is informed and believes and thereon alleges that Defendant's use of the PAYPROSOL mark is likely to harm the reputation of Plaintiff's Mark. Plaintiff has therefore been damaged and is likely to suffer further damage in an amount to be proven at trial, and is entitled to the remedies available under California Business and Professions Code Sections 14247 *et seq.*, including but not limited to injunctive relief and restoration of money or property rightfully belonging to Plaintiff, but which was acquired by means of Defendant's wrongful acts.

43. Plaintiff is informed and believes and alleges thereon that Defendant willfully intended to cause the dilution of Plaintiff's Mark.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## FIFTH CAUSE OF ACTION
## INJUNCTIVE RELIEF

44. Plaintiff incorporates and realleges the allegations set forth in paragraphs 1 through 43 of this complaint as though fully set forth herein.

45. Plaintiff is informed and believes, and thereon alleges, that Defendants intend to continue to advertise and distribute their goods and services, over the Internet and otherwise using the PAYPROSOL mark, thereby creating confusion as to the affiliation, connection, origin, sponsorship, approval and/or association of Defendants and their related products and services with Plaintiff.

46. Defendants' conduct, unless restrained by order of this Court, will cause great and irreparable injury to Plaintiff, including, without limitation, loss of customers, lost profits, and dilution of its reputation and goodwill.

47. As Defendants' acts are likely to continue, the award of money damages alone will not adequately compensate Plaintiff. By their use of the PAYPROSOL mark, Defendants have caused, and will continue to cause irreparable harm, damages and injury to Plaintiff. Plaintiff's injuries will continue unless restrained by order of this Court. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. That Defendants and their agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through or under authority from Defendants, and each of them, be preliminarily and permanently enjoined from:

   a. using Plaintiff's trademark depicted in Exhibit A, or any colorable imitation thereof;

   b. using any trademark that imitates or is confusingly similar to or in any way similar to Plaintiff's PAYPROS Mark, or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of Plaintiff's products or services or their connectedness to Defendants;

2. That Defendants be required to file with the Court and serve on Plaintiff within thirty (30) days after entry of the Injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the Injunction;

3. For compensatory damages in an amount to be proven at trial;

4. For treble damages due to Defendants' willful infringement of Plaintiff's trademark rights;

5. For attorneys' fees pursuant to 15 U.S.C. § 1117;

646\931054.1 - 11 -
AMENDED COMPLAINT FOR (1) TRADEMARK INFRINGEMENT; (2) UNFAIR COMPETITION; (3) UNFAIR BUSINESS PRACTICES; (4) DILUTION; AND (5) INJUNCTIVE RELIEF

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

6. For interest as allowed by law;

7. For cost of suit herein incurred; and

8. For such other and further relief as this Court may deem proper.

Dated: July 24, 2012

HOPKINS & CARLEY
A Law Corporation

By: _____
Eugene Ashley
Jennifer E. Pawlowski
Attorneys for Plaintiff
PAYMENT PROCESSING INC. a/k/a
PAYPROS

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

646\931054.1

- 12 -

AMENDED COMPLAINT FOR (1) TRADEMARK INFRINGEMENT; (2) UNFAIR COMPETITION; (3) UNFAIR BUSINESS PRACTICES; (4) DILUTION; AND (5) INJUNCTIVE RELIEF